3:24-mj-00194

DISTRICT OF OREGON, ss:          AFFIDAVIT OF PETER READ

**Affidavit in Support of a Criminal Complaint and Arrest Warrant**

I, Peter Read, being duly sworn, do hereby depose and state as follows:

**Introduction and Agent Background**

1.       I am a Detective/FBI TFO with the Multnomah County Sheriff's assigned to the Special Investigations Unit and have been with the Sheriff's Office since the hire date of February 19th 2008. I currently hold a Basic, Intermediate and advanced Police Officer Certification – accredited by the Oregon Department of Public Safety Standards & Training (DPSST). I have attended hundreds of hours of police training including the International Narcotics Interdiction Conference, the California Narcotics Officers Conference and Oregon Narcotics Enforcement Conference which teach the current trends in the illicit drug world, the basic profile of drug traffickers, the handling of confidential informants and more. I have been sworn in by the U.S. Department of Justice Federal Bureau of Investigations (FBI) as a Special Federal Officer authorizing me to exercise the powers of enforcement personnel set forth in Title 21, Section 878, Unites States Code.

2.       During my employment as a sworn law enforcement officer, I have investigated hundreds of criminal incidents. Those criminal incidents include, but are not limited to: DUII's, assaults, thefts, criminal mischiefs, robberies, burglaries, forgeries, identity thefts, weapons offenses, narcotics offenses, sex offenses and fugitive apprehension. I am familiar with criminal investigations and the collection of evidence, which support those criminal investigations and have personally conducted at least 100 drug investigations resulting in warrants being issued, commercial quantities of drugs seized and felony arrests.

**Purpose of Affidavit**

3.     This affidavit is submitted to support a criminal complaint and arrest warrant for

**EMMANUAL BRAVO** (hereinafter "**BRAVO**"), DOB 07/XX/1996, for Possession with Intent

to Distribute 500 grams or more of a mixture or substance containing a detectable amount of

methamphetamine, a schedule II controlled substance, in violation of Title 21 United States

Code, Sections 841(a)(1), and 841(b)(1)(A).

4.     I have obtained the facts set forth in this affidavit through my personal

participation in the investigation described below; from oral reports of other law enforcement

officers; and, from records documents and other evidence obtained during this investigation.

**Applicable Law**

5.     Title 21, U.S.C., Section 841(a)(1), makes it unlawful for any person to

knowingly or intentionally possess with intent to distribute, or to distribute, a controlled

substance, including a mixture or substance containing a detectable amount of

methamphetamine.

**Confidential Source**

6.     This investigation was conducted, with the use of a Confidential

Source (hereinafter CS). I believe that the CS is familiar with the common appearance of most

illicit drugs, including methamphetamine, cocaine, fentanyl, and heroin. The CS has stated that

he/she has witnessed the use, sale, and/or manufacture of drugs of the aforementioned types on at

least 1000 occasions.  I know the CS to be reliable because the CS has provided law enforcement

with information regarding users and sellers of controlled substances, which I know from my

experience as a narcotics officer to be true, but which the CS could not know that I knew.

 **Page 2 – Affidavit of Peter Read**

Investigative information received from the CS has been accurate upon verification by law enforcement officers on multiple occasions.

7.      The CS has received a promise for consideration in exchange for the information provided herein. The consideration that has been given may include financial compensation, dismissal, or reduction of criminal charges, or an agreement to recommend a reduced sentence in in a pending criminal case. The CS has prior convictions for Identity Theft in the State of Oregon and is the subject of a pending investigation for a violation of Title 21, United States Code, Sections 841(a)(1) and 846 and Title 21, United States Code, Section 843(b)

8.      I believe that the information that the CS provided in this case to be credible and reliable.

### Statement of Probable Cause

9.      On July 5, 2024, the CS provided information regarding a large quantity of methamphetamine that was for sale. The CS also indicated that he/she was familiar with the "runner" that the CS believed would bring the methamphetamine to the sale location.  I know in my training and experience that a Drug trafficking organizations often have dispatchers, who take drug orders and individuals who deliver the drugs called "runners." The CS told me that a Hispanic male named "Manny Bravo" had delivered the controlled substances on 5 other occasions in which he/she had purchased drugs from the same source.

10.      On August 15th, 2024, I showed the CS an Oregon DMV photo of **BRAVO,** and the CS identified him as the person who had delivered controlled substances from the source in the past. Using this information, I was able to determine that "Manny Bravo" was **BRAVO** who lives in Salem, Oregon. I contacted the Drug Enforcement Agency (Hereinafter DEA), and asked if they were familiar with  **BRAVO**.  I was informed that **BRAVO** had been investigated for drug distribution in the past.

 Page 3 – Affidavit of Peter Read

11.     The CS told me that **BRAVO** drives a metallic gold colored Infinity SUV. I identified **BRAVO**'s residence based upon the address listed with the Oregon Department of Motor Vehicles, as well as information I received from the Salem DEA Team.  Law Enforcement agents went to the area and observed a gold-colored Infiniti FX3 bearing Oregon license plate 750PMF parked near **BRAVO**'s residence. I ran the plate on the vehicle through Oregon DMV and found that the vehicle was registered to **BRAVO** at his listed residence in Salem.

12.     On 5 September, 2024,  Multnomah County Sheriff's Office Detective Jon Zwick and I met with the CS. The CS arranged with the source to meet with the runner at the Pony Soldier Inn located at 9901 NE Sandy Blvd. Portland, Oregon to purchase the methamphetamine.

13.     While I was meeting with the CS, members of SIU went to the Pony Soldier Inn and set up surveillance in the parking lot to contact the runner when he arrived. A short time later, a gold-colored Infiniti FX3 bearing Oregon license plate 750PMF arrived in the parking lot. Two individuals were in the car. Members of SIU contacted the driver, who was identified as **BRAVO**.  There was a female passenger in the vehicle. Both BRAVO and the female were taken into custody without incident. Detective Jarrett Miller of MCSO advised **BRAVO** his Miranda rights.

14.     In the trunk of the vehicle, SIU investigators located two duffle bags containing multiple glassine baggies containing an off-white crystalline substance, which, based off their training and experience they believed to be methamphetamine. I arrived at the scene at twenty minutes after **BRAVO** was initially stopped.

15.     The suspected methamphetamine was taken back to the SIU office. A Mobile Detect Kit was used to conduct a test on the suspected methamphetamine. The substance tested positive for the presence of methamphetamine, a schedule II-controlled substance. The combined weight of the methamphetamine was approximately 50 pounds. In my training and experience, I

**Page 4 – Affidavit of Peter Read**

know that this quantity of methamphetamine exceeds a user quantity and is consent with the quantity that a person would possess for commercial distribution.

## Conclusion

16.     Based on the foregoing, I have probable cause to believe, and I do believe, that **BRAVO** committed Possession with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. §841(a)(1) and I therefore request that the Court issue a criminal complaint and arrest warrant for **EMMANUAL BRAVO.**

17.     Prior to being submitted to the Court, this affidavit, the accompanying complaint and the arrest warrant were all reviewed by Assistant United States Attorney (AUSA) Kate Rochat, and AUSA Rochat advised me that in her opinion the affidavit and complaint are legally and factually sufficient to establish probable cause to support the issuance of the requested criminal complaint and arrest warrant.

///

///

///

///

///

**Page 5 – Affidavit of Peter Read**

**Request for Sealing**

18.    It is respectfully requested that the Court issue an order sealing, until further order of the Court, all papers submitted in support of the requested criminal complaint and arrest warrant.  I believe that sealing these documents is necessary because they are relevant to an ongoing investigation, and any disclosure of the information at this time may endanger the life or physical safety of an individual, cause flight from prosecution, cause destruction of or tampering with evidence, cause intimidation of potential witnesses, and otherwise seriously jeopardize an investigation.  Premature disclosure of the affidavit, the criminal complaint, and the arrest warrant may adversely affect the integrity of the investigation.


_/s/ By Telephone_____
Peter Read
Detective/FBI TFO

Sworn in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at
_____ a.m./p.m. on September __6__, 2024.
      8:53


_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge

**Page 6 – Affidavit of Peter Read**